# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                                        Case No. 05-CR-95

**CHRIS PERKINS,**
        **Defendant.**

## DECISION AND ORDER

Defendant Chris Perkins requests early termination of his supervised release. I deny the request.

**I.**

Defendant pleaded guilty to conspiracy to distribute 5 kilograms or more of cocaine, and on February 27, 2006, I sentenced him to 70 months in prison followed by five years of supervised release.[1] He completed the prison sentence and commenced supervision in August 2009.

On January 28, 2014, defendant filed a letter requesting early termination of supervised release. He indicated that he had paid all financial obligations, finished drug/alcohol classes, reported as requested by the probation officer, and avoided any new trouble. He further indicated that he had earned his GED and obtained a CDL, securing full-time employment with a trucking company. He stated that his main reason for requesting early termination was so that he could further his career. He indicated he was offered a position as an over-the-road

---

[1] Defendant qualified for the safety valve, allowing a sentence below the otherwise applicable mandatory minimum.

driver, conditioned on passing a background check. He believed he would fail the background check and be unable to leave the state because he was on supervision.

I directed the government to respond, and on February 13, 2014, it filed an opposition. I permitted defendant to file a reply on or before February 21, 2014, but he has not done so.

**II.**

Under 18 U.S.C. § 3583(e)(1), the district court may, after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

The statute requires three elements be satisfied to grant early termination: (1) the defendant must have completed at least one year of supervision; (2) the government must have been given notice and an opportunity to be heard; and (3) the court must find that termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under § 3553(a). United States v. Mitchell, No. 03-CR-194, 2013 WL 4763966, at *1 (E.D. Wis. Sept. 4, 2013).

Because defendant has served more than one year of supervision, and the government has received notice and a chance to respond, the issue is whether early termination is warranted by defendant's conduct and would be in the interest of justice. In making this determination, courts have generally concluded that the conduct of the defendant needed to justify early termination should include more than simply following the rules; otherwise, every defendant who avoided revocation would be eligible for early termination. United States v. White, No. 06-CR-50, 2012 WL 5198364, at *2 (E.D. Wis. Oct. 19, 2012). Instead, courts have

2

generally granted early termination only in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where continued supervision would impede the defendant's rehabilitation. Id. The defendant bears the burden of demonstrating that early termination is justified. Id.

Defendant's compliance, while commendable, does not support early termination. The court expects those on supervision to work and follow the rules. Mitchell, 2013 WL 4763966, at *2. Defendant worries that his status on supervised release will cause him to fail a background check, but he offers no evidence of that. See White, 2012 WL 5198364, at *3 (denying early termination where the defendant presented no evidence that supervision interfered with his employment). Whether he is on supervision or not, any check will reveal his conviction. Defendant also worries that he will not be able to travel out of state, but "a defendant on supervision may be granted permission to leave the district with the approval of the supervising probation officer or the court, and defendant does not state that any such requests have been made or denied in his case." United States v. O'Hara, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011); see also Mitchell, 2013 WL 4763966, at *2 ("While asking for permission to travel may be a burden, it is one faced by every offender on supervision. Defendant does not contend that the probation office has unreasonably denied any of his requests, or that he is often called upon to travel on such short notice that he cannot first seek approval."); United States v. Gardner, No. 03-CR-194, 2012 WL 4864997, at *2 (E.D. Wis. Oct. 12, 2012) (denying request for early termination based on travel restrictions where the defendant did not allege that his probation officer refused any requests to leave the district).

Finally, continued supervision is appropriate to ensure that defendant stays on the right track. While he appears to be doing well now, the original PSR reported little verifiable work

3

history and problems with alcohol and marijuana. While his prior record is minimal, he does have a prior conviction for possession of cocaine, as well as several ordinance violations. Continued supervision is warranted to satisfy the purposes of sentencing under 18 U.S.C. §§ 3553(a)(2)(B), (C), and (D).

**III.**

**THEREFORE, IT IS ORDERED** that defendant's request for early termination is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2014.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge